UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERI VANANTWERP,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.<br><br>    Defendant. | Case No. 1:17-cv-160<br><br>Hon. |
| Theodore J. Westbrook (P70834)<br>**Westbrook Law PLLC**<br>Attorney for Plaintiff<br>6140 28th St. SE, Suite 115<br>Grand Rapids, MI 49546<br>(616) 288-9548<br>twestbrook@westbrook-law.net | |

## COMPLAINT AND JURY DEMAND

Plaintiff Jeri VanAntwerp, by and through her counsel, Westbrook Law PLLC, for her Complaint against Defendant Hunter Warfield, Inc., states as follows:

### INTRODUCTION

1.   Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* due to Defendant's unlawful activities in connection with attempting to collect a debt purportedly owed to Fitness U.S. of Lansing.  The purpose of the FDCPA is to "eliminate abusive debt collection practice by debt collectors" and "to insure that

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

2. Defendant, a debt collector, has willfully violated the FDCPA by continuing its attempts to collect a purported debt after receiving notice that the debt in question was discharged in bankruptcy.

3. Defendant's attempts to collect a debt purportedly owed by Plaintiff after that debt was unequivocally discharged in bankruptcy violated both the discharge injunction, 11 U.S.C. § 524, and the FDCPA, 15 U.S.C. §§ 1692e and 1692f.

4. Defendant's post-discharge collection efforts also violated the Michigan Occupational Code ("MOC") as applied to collection agencies, M.C.L. §339.901 *et seq.*

## THE PARTIES

5. Plaintiff Jeri VanAntwerp is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the FDCPA.

6. Defendant Hunter Warfield, Inc. ("HW") is a Maryland corporation with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida 33612. HW's registered agent in Michigan is CSC Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

7. Defendant regularly engages in the collection of defaulted consumer debts and conducts business in the state of Michigan using interstate wires and mails.

8. Defendant holds itself out as a debt collector, and offers its services as a debt collector to companies—specifically apartment complexes and property management companies—which provide consumer services.

9. HW is licensed (No. 2401001988) by the State of Michigan to collect consumer debts in Michigan. HW is a "collection agency" and a "licensee" as those terms are used in the

10. HW is a "debt collector" as that term is defined in the FDCPA.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12. Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

13. Plaintiff formerly resided at "The Valley Townhomes," an apartment community located in Grand Rapids, Kent County, Michigan, pursuant to a lease agreement (the "Lease") between Plaintiff and TEG The Valley LLC ("TEG"), the owner and manager of the apartment community.

14. Any debt to TEG that Plaintiff incurred in connection with the Lease was incurred for personal purposes, and constituted "debt" as that term is used in the FDCPA and the MOC.

15. Upon information and belief, TEG turned Plaintiff's account under the Lease over to HW for collections in early 2015, after Plaintiff allegedly defaulted under the Lease.

16. HW is a debt collector which regularly engages in the collection of third-party debts, including debts owed or purportedly owed to TEG.

17. As of March 1, 2015, TEG and HW communicated to Plaintiff that the alleged debt owing to TEG under the Lease was $3,363.00.

18. On January 1, 2016, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan, case no. 16-378.

19. The purported debt to HW and TEG was listed in Plaintiff's Schedule E/F, page 22 of Plaintiff's Chapter 7 petition.

20. HW's correct mailing address was included in Plaintiff's creditor matrix, page 46 of Plaintiff's Chapter 7 petition.

21. Plaintiff's scheduled debts, including the purported debt to TEG which HW was servicing, were discharged by order of the United States Bankruptcy Court for the Western District of Michigan, Hon. James W. Boyd, on June 9, 2016. (Ex. 1, Discharge Order.)

22. HW was sent a notice of Plaintiff's Discharge Order, via electronic service as a registered electronic filer with the United States Bankruptcy Court for the Western District of Michigan, on June 9, 2016. (Ex. 2, Certificate of Notice.)

23. HW received notice of Plaintiff's Discharge Order to its registered electronic service email address, HWIBankruptcy@hunterwarfield.com, on June 9, 2016. (*Id.*)

24. HW has not stopped its attempts to collect on the alleged debt to TEG since the entry of the Discharge Order.

25. On or about January 20, 2017, HW sent to Plaintiff a collection letter on behalf of TEG, stating that Plaintiff owed $3,596.12 to TEG, and seeking to collect that amount from Plaintiff. (Ex. 3, Collection Letter.)

26. The purported debt reflected in the Collection Letter was subject to the Discharge Order and legally uncollectible.

27. The Collection Letter, and all other collection activity toward Plaintiff after the Discharge Order, violated Plaintiff's legal right to a "fresh start"—free from harassment and

4

ongoing disruptive communications from creditors and debt collectors and the attendant distress—following her Chapter 7 bankruptcy petition resulting in the Discharge Order.

28. HW's ongoing collection attempts after the Discharge Order have caused Plaintiff to experience mental stress, emotional distress, embarrassment, and other actual harms.

### COUNT I – FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692k

29. By communicating to Plaintiff that the purported debt to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW used a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e.

30. By communicating to Plaintiff that the purported debt to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW falsely represented "the character, amount, or legal status of any debt," in contravention of 15 U.S.C. § 1692e(2)(A).

31. By communicating to Plaintiff that the purported debt to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW communicated "credit information which is known or which should be known to be false" in contravention of 15 U.S.C. § 1692e(8).

32. By communicating to Plaintiff that the purported debt to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW used a "false representation or deceptive means to collect or attempt to collect any debt" in contravention of 15 U.S.C. § 1692e(10).

33. By communicating to Plaintiff that the purported deb to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW

used an "unfair or unconscionable means to collect or attempt to collect" a debt, in contravention of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff requests that judgment be granted in her favor specifying the following relief:

   a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

   b. Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

   c. Such further relief as the Court deems just and proper.

### COUNT II – MOC, M.C.L. § 339.915

34. By communicating to Plaintiff that the purported deb to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW communicated "with a debtor in a misleading and deceptive manner" in contravention of M.C.L. § 339.915(a).

35. By communicating to Plaintiff that the purported deb to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW made "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt" in contravention of M.C.L. § 339.915(e).

36. By communicating to Plaintiff that the purported deb to TEG was collectible and owing, even though such debt was subject to the Discharge Order and legally uncollectible, HW misrepresented "[t]he legal rights of the creditor or debtor," in contravention of M.C.L. § 339.915(f).

37. HW's violations of the MOC were willful because, *inter alia*, HW had actual notice of the discharge of Plaintiff's purported debt to TEG.

WHEREFORE, Plaintiff requests that judgment be granted in her favor specifying the following relief:

a. Treble actual and statutory damages pursuant to M.C.L. § 339.916;

b. Statutory costs and reasonable attorney fees pursuant to M.C.L. § 339.916; and

c. Such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 16, 2017

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Jeri VanAntwerp, by and through her counsel, hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated: February 16, 2017

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net